# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PATRICIA DALEUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10 C 4100 |
| | ) |
| TARGET CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Target Corporation's (Target) motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted.

## BACKGROUND

Plaintiff Patricia Daleus (Daleus) alleges that on August 11, 2008, she was walking down an aisle at a Target store in Calumet City, Illinois (Store) when she slipped and fell due to "an unnatural accumulation of liquid" on the floor in the aisle. (A. Compl. Par. 16). Daleus contends that Target, by and through its agents or employees, knew or should have known of the liquid and the hazardous condition it created for customers. According to Daleus, Target was negligent in failing to

1

properly manage, maintain, and operate the Store by allowing the liquid to remain in the aisle.  Target was also allegedly negligent in failing to warn of the liquid and in failing to barricade the area where the liquid was located.  As a result of Target's alleged negligence, Daleus allegedly sustained physical injuries.

In addition, Target allegedly had a Store surveillance camera that took video of the area where Daleus slipped and fell.  Daleus allegedly reported the incident to a manager of the Store (Store Manager) immediately after it occurred.  The Store Manager allegedly observed the liquid a few minutes later, but allegedly took no steps to try to determine how long the liquid had been on the floor.  The Store Manager allegedly instructed that certain video showing Daleus' fall be preserved.  The video that was preserved allegedly does not show how the liquid came to be on the floor.  Daleus contends that Target had a duty to preserve additional video surveillance of the area where she slipped, that Target breached that duty, and that as a result of the breach, additional video surveillance was either lost or destroyed.  Daleus includes in her amended complaint a negligence claim (Count I), a negligence claim based on the doctrine of res ipsa loquitur (Count II), and a negligent spoliation of evidence claim (Count III).  Target now moves for summary judgment on all claims.

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most

favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

I. Negligence Claim (Count I)

Target argues that summary judgment should be granted in favor of Target on the negligence claim because Daleus cannot establish that Target had actual or constructive notice of the liquid on the floor. To succeed on a negligence claim under Illinois law, a plaintiff must prove "a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Swearingen v. Momentive Specialty Chemicals, Inc.*, 662 F.3d 969, 972 (7th Cir.

2011)(citing *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011)). It is undisputed that Target owed a duty to Daleus to "exercis[e] ordinary and reasonable care to see that the premises [was] reasonably safe for use." *Swearingen*, 662 F.3d at 972 (quoting *Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1063 (Ill. 2006)). With respect to whether there was a breach of duty in this case, under Illinois law, "a business owner breaches its duty to an invitee who slips on a foreign substance if: (1) the substance was placed there by the negligence of the proprietor; (2) its servant knew of its presence; or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, *i.e.*, the proprietor had constructive notice of the substance." *Newsom-Bogan v. Wendy's Old Fashioned Hamburgers of New York, Inc*., 953 N.E.2d 427, 431 (Ill. App. Ct. 2011)(citations omitted); *see also Reid v. Kohl's Dept. Stores, Inc.*, 545 F.3d 479, 481 (7th Cir. 2008)(stating that "[l]iability can be imposed when a business's invitee is injured by slipping on a foreign substance on its premises if the invitee establishes that the business had actual or constructive notice of the dangerous condition that caused the fall").

The undisputed record indicates that at the time Daleus was shopping, traffic in the store was medium to light, and that a few moments prior to Daleus' slip, Daleus and her friend walked down the same aisle where Daleus slipped and neither noticed any liquid on the floor at that time. (R SAF Par. 1); (R SF Par. 11-12, 22). The undisputed record also indicates that the liquid that caused Daleus' slip spanned approximately eighteen inches, was clear in color, and that Daleus did not see the

4

liquid on the floor prior to slipping. (R SF Par. 17-18);(R SAF Par. 12). The undisputed record indicates further that Daleus does not know how the liquid came to be on the floor or how long the liquid was on the floor prior to her slip. (R SF Par. 20-21). In addition, the undisputed record indicates that Nicholas Karageorge (Karageorge) was working as the Senior Team Lead at the Store at the time of the incident, that Karageorge was in the area where Daleus slipped ten minutes prior to the incident, and that Karageorge did not see any liquid on the floor in the area where Daleus slipped at that time. (R SF Par. 23-24, 34-36). The undisputed record also shows that Karageorge first saw the liquid on the floor after Daleus slipped on it, when he was called to the area via walkie-talkie by a Target team member. (R SF Par. 28-30). The undisputed record further shows that Target team members are trained to walk the Store to look for hazards and trained that "if there is a spill on the floor, they are to stand by the spill, in order to warn other customers, and then utilize their walkie-talkies to call for assistance to help with the spill." (R SF Par. 32-33). Based on the above facts, Daleus cannot show that Target was responsible for the presence of the liquid on the floor, that Target knew of the presence of the liquid on the floor, or that the liquid was on the floor for a sufficient length of time such that Target should reasonably have discovered the presence of the liquid prior to Daleus' slip. *See Reid*, 545 F.3d at 482-83 (finding that "no reasonable person could conclude that ten minutes was enough time to give Kohl's constructive notice of the spilled substance," observing that although "Illinois law recognizes that there is no bright-line rule indicating the requisite time to establish notice, [ ] periods in excess

5

of ten minutes have failed the test," and noting that courts must look to "the circumstances of the particular case to determine if the length of time gave rise to notice")(citations omitted).

Daleus argues that a Target employee folding towels a few shelves away from where Daleus slipped should have seen the liquid on the floor. However, Daleus indicated in her deposition testimony that the employee was a few shelves away, in the middle of the Store, and that Daleus did not see the employee until after she slipped. (Daleus Dep. 37). Daleus also argues that Target has not presented evidence to show that the liquid was not put on the floor by a Target employee. However, as Target correctly points out, it is Daleus who bears the burden of proving the elements of her claim. The undisputed facts indicate that the approximately eighteen inches of clear liquid was most likely on the floor for less than ten minutes, and that store traffic at the time of the incident was not heavy, which decreases Target's duty to "provide frequent and careful patrolling." *Reid*, 545 F.3d at 483; *see also Peterson v. Wal-Mart Stores, Inc*., 241 F.3d 603, 604-05 (7th Cir. 2001)(stating that "the duty of inspection and clean up . . . may require, in self-service stores where customer traffic is heavy and the probability of a slip and fall therefore high . . . , frequent and careful patrolling")(citations omitted). In addition, the undisputed evidence shows that Target had internal policies in place for monitoring and responding to hazards on the floor. Based on such facts, no reasonable trier of fact could find that Target had actual or constructive notice of the spill. Therefore, the motion for summary judgment on the negligence claim is granted.

II. Res Ipsa Loquitur Doctrine (Count II)

Target argues that the res ipsa loquitur doctrine does not apply to Daleus' case. The Supreme Court of Illinois has explained the nature and purpose of the res ipsa loquitur doctrine as follows:

> When a thing which caused the injury is shown to be under the control or management of the party charged with negligence and the occurrence is such as in the ordinary course of things would not have happened if the person so charged had used proper care, the accident itself affords reasonable evidence, in the absence of an explanation by the party charged, that it arose from want of proper care. [Citations.] This in essence is the doctrine of res ipsa loquitur, and its purpose is to allow proof of negligence by circumstantial evidence when the direct evidence concerning cause of injury is primarily within the knowledge and control of the defendant.

*Heastie v. Roberts*, 877 N.E.2d 1064, 1075-76 (Ill. 2007); *see also Cosgrove v. Commonwealth Edison Co.*, 734 N.E.2d 155, 159 (Ill. App. Ct. 2000)(stating that the res ipsa loquitur doctrine "allows an inference or presumption of negligence to be raised by circumstantial evidence," and that "[r]es ipsa loquitur does not apply if the injury can be as readily attributed to pure accident as to the defendant's negligence")(citations omitted). To succeed based on the res ipsa loquitur doctrine, "a plaintiff . . . must plead and prove that he or she was injured (1) in an occurrence that ordinarily does not happen in the absence of negligence, (2) by an agency or instrumentality within the defendant's exclusive control." *Heastie*, 877 N.E.2d at 1076.

Daleus argues that the aisle in which she slipped was under the exclusive

7

control of Target. However, as Target correctly points out, the instrumentality that caused Daleus to slip was the liquid on the floor of the aisle, not the aisle itself. Under Illinois law, the res ipsa loquitur doctrine is applicable "only when the facts proved by the plaintiff admit of the single inference that the accident would not have happened unless the defendant had been negligent." *Britton v. University of Chicago Hospitals*, 889 N.E.2d 706, 709 (Ill. App. Ct. 2008)(finding res ipsa loquitur doctrine inapplicable where it was "equally logical to infer" that the act of "some third party . . . was the proximate cause of plaintiff's injury," and stating that "[c]learly if two reasonable inferences are deducible from the same facts, one of which comports with defendant's responsibility and the other is directly contra thereto, neither should be indulged to permit recovery by use of the doctrine of res ipsa loquitur for the apparent reason that, if such a practice is permissible, a jury is called upon to enter the field of speculation and engage in a guessing contest"); *see also Assenato v. Target Corp.*, 2012 WL 205858, at *3 (N. D. Ill. 2012)(stating that "[w]hen it is clear that it is just as likely that the actions of other shoppers caused the [injury] as it is that the store was at fault, the use of a res ipsa loquitur theory is inappropriate") (citations omitted); *Reddick v. Dillard's Inc.*, 2010 WL 1752555, at *3 (S. D. Ill. 2010)(indicating that "where there is causal uncertainty, the doctrine of res ipsa loquitur is inapplicable"). Based upon the undisputed record, there is no evidence that the liquid was caused by an employee of Target or even a product sold at the Store. Thus, Daleus cannot show that the liquid was under Target's exclusive control, and Daleus cannot proceed with her negligence claim under the res ipsa

loquitur doctrine. Therefore, the motion for summary judgment is granted with respect to Count II.

III. Negligent Spoliation Claim (Count III)

Target argues that summary judgment should be granted in Target's favor on the negligent spoliation claim because Target did not have a duty to preserve video evidence relating to Daleus' slip. To succeed on a negligent spoliation claim, a plaintiff must plead and prove "the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, an injury proximately caused by the breach, and damages." *Cosgrove*, 734 N.E.2d at 161 (citing *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 270 (Ill. 1995)). Generally, there is no duty to preserve evidence, but "such a duty may arise through an agreement, a contract, a statute, a 'special circumstance,' or by affirmative conduct." *Cosgrove*, 734 N.E.2d at 161 (citing *Boyd*, 652 N.E.2d at 270-71). In such cases, "a defendant owes a duty of care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action." *Cosgrove*, 734 N.E.2d at 161 (citing *Boyd*, 652 N.E.2d at 271).

Daleus has not made arguments relating to how a duty arose with respect to additional video surveillance, and merely argues that the fact that Target preserved three minutes of video showing Daleus' slip establishes that Target was aware of the likelihood of litigation in this case. However, determining whether there is a duty to preserve evidence requires "a two pronged inquiry to 'first determine whether such a

duty arises by agreement, contract, statute, special circumstance, or voluntary undertaking' and 'then determine whether that duty extends to the evidence at issue—i.e., whether a reasonable person should have foreseen that the evidence was material to a potential civil action.'" *Caburnay v. Norwegian American Hosp.*, 963 N.E.2d 1021, 1033-34 (Ill. App. Ct. 2011)(citing *Dardeen v. Kuehling*, 821 N.E.2d 227, 231 (Ill. 2004)). Daleus has not pointed to evidence showing that Target preserved any video surveillance besides the three minutes of video showing Daleus' slip, and in fact the undisputed record indicates that Karageorge "did not ask Asset Protection to save video from the period prior to the incident occurring." (R SAF Par. 9). Thus, the undisputed record does not show a voluntary undertaking by Target that would give rise to a duty to preserve video surveillance covering an indefinite time period prior to the occurrence of Daleus' slip. Although Daleus argues that Target could have and should have preserved such additional video surveillance, she has not pointed to any facts establishing an agreement, contract, statute, special circumstance, or voluntary undertaking relating to the additional video surveillance so as to satisfy the first-prong of the duty inquiry. *See Caburnay*, 963 N.E.2d at 1034 (Ill. App. Ct. 2011)(stating that "[i]f a plaintiff fails to satisfy both prongs, then no duty to preserve evidence exists")(citing *Dardeen*, 821 N.E.2d at 231); *see also Olivarius v. Tharaldson Property Management, Inc.*, 695 F. Supp.2d 824, 829-30 (N.D. Ill. 2010)(indicating that a party must take steps to ensure evidence that is preserved is saved for trial, and that "neither the fact that the defendant was alerted to an accident, nor the mere opportunity to exercise control

over the evidence is sufficient to create a duty to preserve evidence")(citations omitted). Therefore, the motion for summary judgment on the negligent spoliation claim is granted.

## CONCLUSION

Based on the foregoing analysis, the motion for summary judgment is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   September 4, 2012